FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 25, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAYSON I., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 2:24-CV-00388-ACE <br><br> ORDER GRANTING PLAINTIFF'S MOTION <br><br> ECF Nos. 13, 18 |

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 13, 18. Attorney Chad Hatfield represents Plaintiff; Special Assistant United States Attorney Michonne L. Omo represents Defendant. The parties have consented to proceed before a magistrate judge. ECF No. 3. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion, ECF No. 13, and **DENIES** Defendant's motion, ECF No. 18.

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on November 30, 2019, alleging onset of disability beginning November 4, 2018. Tr. 18, 112,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano, Commissioner of Social Security, is substituted as the named Defendant.

ORDER GRANTING PLAINTIFF'S MOTION. . . - 1

371-72.  The application was denied initially and upon reconsideration.  Tr. 167-04.  Administrative Law Judge (ALJ) Mark Triplett held a hearing on July 23, 2021, Tr. 47-74, and issued an unfavorable decision on September 1, 2021.  Tr. 142-50.  The Appeals Council granted Plaintiff's request for review and remanded the claim to the ALJ on September 14, 2022.  Tr. 157-58.

ALJ Triplett held a remand hearing on September 7, 2023, Tr. 75-111, and issued an unfavorable decision on November 22, 2023.  Tr. 18-29.  The Appeals Council denied Plaintiff's request for review on September 10, 2024, Tr. 1-6, and the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on November 14, 2024.  ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting

1  evidence supports a finding of either disability or non-disability, the ALJ's
2  determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th
3  Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set
4  aside if the proper legal standards were not applied in weighing the evidence and
5  making the decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432,
6  433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four the claimant bears the burden of establishing a prima facie case of disability.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work.  20 C.F.R. § 404.1520(a)(4).  If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) that Plaintiff can perform other substantial gainful activity; and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).  If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled.  20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On November 22, 2023, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. 18-29.

At step one, the ALJ found Plaintiff, who meets the insured status requirements of the Social Security Act through March 31, 2026, had not engaged in substantial gainful activity since the alleged onset date.  Tr. 21.

ORDER GRANTING PLAINTIFF'S MOTION. . . - 3

At step two, the ALJ determined Plaintiff had the following medically determinable impairments: peripheral neuropathy and hypertension. *Id*.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 23.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform light work, except:

> [Plaintiff] can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The individual can frequently balance. The individual can tolerate occasional exposure to extreme environmental heat and cold. The individual can tolerate no exposure to workplace hazards such as unprotected heights and exposed, moving machinery. The individual requires the ability to alternate between sitting and standing at will while remaining on task.

*Id*.

At step four, the ALJ found Plaintiff was unable to perform past relevant work. Tr. 27.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of cashier, router, and fundraiser. Tr. 28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date, November 4, 2018, through the date of the decision. *Id*.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act. The

1 question presented is whether substantial evidence supports the ALJ's decision
2 denying benefits and, if so, whether that decision is based on proper legal
3 standards.  Plaintiff raises the following issues for review (1) whether the ALJ
4 properly evaluated the medical opinion evidence; (2) whether the ALJ conducted a
5 proper step three analysis; (3) whether the ALJ properly considered Plaintiff's
6 subjective complaints; and (4) whether the ALJ conducted a proper step five
7 analysis.  ECF No. 13 at 8.

## DISCUSSION

### A.   Medical Opinions

Plaintiff contends the ALJ failed to properly evaluate the medical opinions of Nicole Mowbray, ARNP; and Jesse Schneider, D.O.  ECF No. 13 at 10-11.

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 404.1520c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered.  20 C.F.R. § 404.1520c(b)(2).  The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  *Id.*  Supportability and consistency are explained in the regulations:

> (1)    *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative

medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2)   *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

The Ninth Circuit addressed the issue of whether the 2017 regulatory framework displaced the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792.  The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792.  Even under the 2017 regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id*. at 792.

   1. *Ms. Mowbray and Dr. Schneider*

On January 7, 2022, Ms. Mowbray diagnosed Plaintiff with axonal sensorimotor neuropathy, chronic and uncontrolled, and prescribed him a walker with wheels.  Tr. 734.  Ms. Mowbray explained the diagnosis was based on an Electromyography (EMG) study and opined that a walker with wheels was

ORDER GRANTING PLAINTIFF'S MOTION. . . - 6

"medically necessary due to axonal sensorimotor polyneuropathy and impaired mobility." *Id*.

On October 5, 2022, Dr. Schneider assisted Plaintiff with housing accommodation paperwork. Tr. 730-31. Dr. Schneider diagnosed Plaintiff with axonal sensorimotor neuropathy and other specified polyneuropathies and opined Plaintiff had "disabling neuropathy in the lower extremities." Tr. 731.

The ALJ did not discuss the opinion of either provider or evidence that Plaintiff was prescribed a walker to assist with ambulation. Tr. 18-28. The ALJ is required to assess all medical opinion evidence using the factors of consistency and supportability as required by the regulations. 20 C.F.R. § 404.1520c(c)(1)(2). The ALJ is also generally required to consider "all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, one provider opined a medical device to assist with ambulation was medically necessary, and the other opined Plaintiff was disabled by his lower extremity neuropathy. Tr. 731, 734. The ALJ failed to discuss this evidence or the opinions at all, despite Plaintiff's allegations of progressive difficulty standing and walking and objective findings including peripheral neuropathy on EMG testing, as well as clinical observations including unsteadiness of gait and decreased sensation in the lower extremities. Tr. 24-25, 583, 740, 743-44. This was harmful error.

While Defendant contends the ALJ did not err in failing to assess these statements because they do not constitute medical opinions under the regulations, ECF No. 18 at 12-13, the Court will not consider Defendant's *post hoc* rationalization. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). Further, the ALJ is required to set forth the reasoning behind the ALJ's decision in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary

ORDER GRANTING PLAINTIFF'S MOTION. . . - 7

because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). Here, as Plaintiff points out, any need for a walker/assistive device leads to, at the least, reassessment of the step-three findings. ECF No. 13 at 11. While the ALJ may certainly discount an opinion using the factors as required by the regulations, here the ALJ failed to address relevant evidence at all, despite possible disabling limitations. Accordingly, the ALJ erred in failing to consider this evidence and the error was harmful because a reasonable ALJ may have reached a different determination at step three or step five had the opinions or any need for an assistive device been considered.

The Appeals Council also ordered the ALJ, if necessary, to obtain additional evidence concerning Plaintiff's neuropathy in order to complete the record, including a consultative examination and/or to obtain medical source opinions about what Plaintiff can still do despite the impairment; and to give further consideration to Plaintiff's maximum residual functional capacity and provide appropriate rationale with specific references to evidence in the record in support of assessed limitations. Tr. 157-58. Despite evidence that Plaintiff's impairment may have progressed to the point he required an assistive device during the period at issue due to impaired mobility, the ALJ failed to discuss a provider's opinion an assistive device was medically necessary, or another provider's opinion that Plaintiff suffered disabling neuropathy. Accordingly, on this record, the ALJ also failed to further develop the record as instructed by the Appeals Council.

The claim is remanded for reconsideration of all medical evidence, including the medical opinion evidence. The ALJ is instructed to reassess all medical opinion evidence with the assistance of medical expert testimony, being mindful to

ORDER GRANTING PLAINTIFF'S MOTION. . . . - 8

utilize the factors as required by the regulations. The ALJ will adopt the limitations in an opinion or provide reasons supported by substantial evidence to discount the opinion.

**B.     Symptom Claims, Step Three, and Step Five**

Plaintiff contends the ALJ also erred in assessing Plaintiff's symptom claims and erred in the step three and step five analyses. ECF No. 13 at 11-21. Having determined a remand is necessary to reconsider the medical evidence, reassess all medical opinion evidence with the assistance of medical expert testimony, and to further develop the record, the Court declines to reach these issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

On remand the ALJ is instructed to carefully reevaluate Plaintiff's symptom claims in the context of the entire record, and reperform the sequential analysis with the assistance of medical expert testimony. If reaching the last steps of the sequential analysis, the ALJ will also obtain vocational expert testimony.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and not free of harmful legal error. Plaintiff argues the decision should be reversed and remanded for the payment of benefits. ECF No. 13 at 21. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). The Court will also not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

The Court finds that further proceedings are necessary for the ALJ to reconsider the medical evidence, including conflicting medical opinion evidence, with the assistance of medical expert testimony, as well as to further develop the record and perform the five-step sequential evaluation anew. For these reasons, the Court remands this case for further administrative proceedings.

On remand, the ALJ will update the medical record. The ALJ will reassess all medical opinion evidence and reperform the sequential analysis with the assistance of medical expert testimony and vocational expert testimony. The ALJ will further develop the record, if necessary, with a consultative examination or additional medical source opinions about what Plaintiff can still do despite his impairment(s). The ALJ will issue a new decision, taking into consideration Plaintiff's symptom claims and any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion, **ECF No. 13**, is **GRANTED**.
2. Defendant's Motion, **ECF No. 18**, is **DENIED**.
3. The matter is **REMANDED** to the Commissioner for further proceedings consistent with this order.
4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to update the docket sheet to reflect the substitution of Frank Bisignano as Defendant, file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED June 25, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE